**In the Matter of Thomas C. HUTTON.**

**No. 91–386–M.P.**

Supreme Court of Rhode Island.

July 22, 1991.

Mary M. Lisi, Chief Disciplinary Counsel, Providence, for petitioner.

Thomas C. Hutton, pro se.

ORDER

On July 17, 1991, Chief Disciplinary Counsel filed with this Court a Petition for Interim Suspension which avers that the Respondent has engaged in serious professional misconduct. On July 22, 1991, Counsel for the Respondent appeared before the Court and acknowledged that Respondent is aware of these proceedings and that he has no objection to his suspension while Disciplinary Counsel continues its investigation.

Accordingly, it is ordered that the Respondent, Thomas C. Hutton be and he is hereby suspended from engaging in the practice of law in this State until further order of this Court.

**In the Matter of Marvin A. BRILL.**

**No. 91–372–M.P.**

Supreme Court of Rhode Island.

July 22, 1991.

Mary M. Lisi, Chief Disciplinary Counsel, Providence, for petitioner.

Eugene Toro, Providence, for respondent.

ORDER

The respondent is a member of the Bar of this State. On July 15, 1991, pursuant to our Rule 42–13, Respondent filed an affidavit with this Court's Disciplinary Board setting forth that he is aware that he is the subject of an investigation of allegations that he has misappropriated and converted to his own use funds that he held as Trustee for Shalimar Albanese. Respondent's affidavit further sets forth that he freely and voluntarily consents to disbarment and that he is fully aware of the implications of submitting his consent. On July 17, 1991, Disciplinary Counsel filed Respondent's affidavit with the Court.

On July 22, 1991, Counsel for Respondent appeared before the Court.

Upon review of Respondent's affidavit and the representations of counsel, we deem such an order appropriate.

Accordingly, pursuant to Supreme Court Rule 42–13, it is hereby ordered that the Respondent, Marvin A. Brill, be and he hereby is disbarred on consent from engaging in the practice of law.